CASE 47—PETITION EQUITY—April 18.

## Clark, &c v. Layne, &c.

APPEAL FROM FLOYD CIRCUIT COURT.

GUARDIAN AND WARD—CONTRACT FOR SALE OF TREES—FRAUD.—A writing executed by a guardian agreeing to sell to another the dead and perishing timber on his wards' land passed no title until the timber was so marked that it could be readily identified. And as a large number of the most valuable trees on the land had been deadened just before the writing was executed, and this fact was known to the purchaser, but not known to the guardian, and the guardian upon discovering the fact refused to let the purchaser have these trees, and under the advice of counsel began to prepare them for market in order to save as much as possible for his wards, and had expended several hundred dollars in doing so, when he was removed as guardian and the person who had caused the trees to be deadened was appointed in his stead, having fraudulently conspired with the purchaser for that purpose, in this action by the former guardian alleging these facts, and the further fact that the purchaser under the writing referred to has taken possession of the timber and intends to account for it only at the prices named in the writing, which is much less than it is worth, plaintiff is entitled to reasonable compensation for the labor and expense which he in apparent good faith incurred in preparing the timber for market, and the court should by proper orders protect the rights of the infants, as it would be a fraud upon their rights to enforce the writing against them, even if it was a contract. And, although the infants filed a written request that the court dismiss the action as to them, it was error to do so.

Clark, &c v. Layne, &c.

JAMES GOBLE FOR APPELLANTS.

The petition states a cause of action, and it was error to dismiss it over the protest of the next friend.   (Hopkins v. Virgin, 11 Bush, 677; Civil Code, sec. 35; Gen. Stats., chap. 48, art. 1, sec. 10.)

R. S. FRIEND AND WM. H. HOLT FOR APPELLEES.

1. This appeal can not be sustained, because only as to Wm. Akers as an individual was an appeal granted, and the judgment did not dispose of the case as to him.
2. By the common law an infant could sue by his guardian or next friend. The guardian was the one unless for some special reason. If he refused, and the suit was necessary, and for the benefit of the infant, then by order of court he could sue by a next friend. (Tyler on Infancy and Coverture, sec. 133.)
3. Considering the ages of the infants a next friend should not be allowed to compel them to sue contrary to their wishes. (Anderson v. Anderson, 11 Bush, 327.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This was an action instituted in the Floyd Circuit Court by Wm. Akers in his own name and as next friend to Judd and Alice Clark, against Henry Hall, James P. Layne and F. N. Morell. The petition alleges in substance that appellant Akers had lately been the guardian of said Clarks, and that while so acting as guardian appellee Hall or Layne had sought to purchase of him the dead and perishing timber on certain lands, the property of said infants, and that after consulting a lawyer, he, appellant, agreed to sell said timber and entered into the following written contract, viz.:

August 30, 1892.

I hereby agree to sell J. P. Layne all down and dead and perishing timber on the John Clark heirs' land that I, as guardian, have control of on the Frog branch and Lackey place for $1.00 per tree or log, and those that will make one log, fifty cents per log. Said Layne is to pay said money

or to give note and security for said timber before it is moved off the place.          Signed,          WM. AKERS,

Guardian for John Clark's heirs.

J. P. LAYNE.

Appellant further alleged that just before the said writing was executed, appellee, Hall, had deadened or caused to be deadened about 145 of of the most valuable trees on his ward's lands, which fact was known to appellee Layne, but unknown to appellant, and that at that time, after the execution of said writing, appellee. Hall. deadened or caused to be deadened on said land, another lot of about 100 trees, making in all 245 trees, poplar and oak; that he learned of this deadening a few days after the execution of the writing and refused to allow Layne to take said 245 trees, but that Layne contended that under the writing he was entitled to said trees as well as to the other dead and perishing timber; that he offered to go with Layne and mark such of the dead and perishing timber as he really had agreed to sell, which Layne refused to do unless he could get the other trees. Appellant then consulted his attorney, and, acting under his advice, proceeded to commence preparing said trees for market, so as to save as much as possible for his wards, and after he had expended several hundred dollars' worth of time and means in said preparation, appellees Hall and Layne fraudulently conspired together and procured an order of the county court removing appellant from the guardianship of said wards, and the appointment of said Hall as guardian, appellees Layne and Morell becoming his sureties, and that after this, Layne claiming under said writing, took possession of said timber and has or will convert the same to his own use, intending to only pay according to prices named in said writing.

The petition also alleges that the said 245 trees were, if

delivered as appellant was intending and preparing to deliver them, worth more than one thousand dollars, and that appellant had expended several hundred dollars in preparing same for market. Also that it was the intention of appellees for Layne to only account for the timber at the prices named in the said writing, and make appellant, as former guardian, account for the actual value of the timber. After answer had been filed, denying many, if not all, of the material allegations of the petition, but not agreeing to account for a fair price for the timber, appellees Hall and Layne filed a request in writing from the infants that the suit be dismissed so far as they were concerned, and moved the court to dismiss in accordance with the request, which motion was sustained and the action dismissed so far as the infants were concerned, and from that judgment this appeal is prosecuted. If the statements of the petitions are true it is manifest that these infants are in great danger of being wronged by some one, and now, while the facts can be shown, is the proper time to investigate and settle the matter. Between one and two thousand dollars' worth of the property of said wards ought not to be wasted or lost.

The writing in question was but an agreement to sell, and passed no title to Layne until the timber was so marked that it could be readily identified. This case illustrates the necessity and importance of the rule stated, for in this case the parties promptly disagreed as to what trees were included in the writing or contract, and besides this the writing, even if it was a contract, ought not to be enforced against the infants. It would be a fraud upon their rights to do so whether appellant intended to sell the 245 trees or not.

For the errors indicated the judgment of the court below

is reversed and cause remanded with directions to set aside the order dismissing the action as to the infants, and to ascertain the value of the timber in controversy, and to allow appellant reasonable compensation for the labor and expense, if any, which he, in apparent good faith, incurred in preparing the timber for market, and by proper orders and judgment protect and guard the rights of the infants, and for further proceedings consistent with this opinion.